## In re Anonymous No. 72 D.B. 93

Disciplinary Board Docket no. 72 D.B. 93.

To the Honorable Chief Justice and Justices of the Supreme Court of Pennsylvania:

IOLE, *Member,* June 28, 1999—Pursuant to Rule 208(d)(2)(iii) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania herewith submits its findings and recommendations to your honorable court with respect to the above-captioned petition to revoke probation.

## I. HISTORY OF PROCEEDINGS

On October 7, 1993, a petition for discipline was filed by Office of Disciplinary Counsel against respondent, [    ]. The petition alleged violations of the Rules of Disciplinary Enforcement based on respondent's criminal conviction for driving under the influence of alcohol. On January 17, 1995, the board ordered that respondent receive a private reprimand. The board further ordered that respondent be placed on substance abuse probation for a period of two years, subject to various terms and conditions. The private reprimand was administered to respondent on March 30, 1995.

On December 16, 1996, Office of Disciplinary Counsel filed a petition to revoke probation. The petition alleged that respondent had not complied with the terms and conditions of his probation by filing untimely quarterly reports or failing to file any reports. On January 28, 1997, the board issued an order and rule to show cause

upon respondent to show cause why his probation should not be revoked, the private reprimand rescinded, and other discipline imposed. Respondent and petitioner filed answers to the rule.

After consideration of the responses, on June 5, 1997 the board issued an order finding respondent in violation of probation and ordered that respondent be placed on substance abuse probation for an additional period of one year, effective July 5, 1997. The conditions were substantially the same as those established pursuant to the board's original order of January 17, 1995, except that [A], Esquire, was appointed as the sobriety monitor.

On May 26, 1998, Office of Disciplinary Counsel filed a second petition to revoke probation. The petition alleged that respondent's quarterly reports had not been timely filed and that respondent had not maintained the required regular contact with his sobriety monitor. The petition requested that the board hold a hearing on the matter.

A probation revocation hearing was held before board Member John E. Iole, Esquire, on February 22, 1999. Respondent was represented by [ ], Esquire. Petitioner was represented by [ ], Esquire. Respondent previously had agreed to waive the 10-day hearing requirement as provided for by Pa.R.D.E. 208(h).

Subsequent to the hearing, respondent and petitioner filed letter briefs to the board setting forth their respective positions. Respondent requested that the sanction, if any, imposed on respondent be adjusted to reflect his personal efforts at rehabilitation. Petitioner requested that the board rescind the private reprimand and recommend to the Supreme Court that respondent receive no less than a public censure, with substance abuse probation.

This matter was adjudicated by the board at the meeting of March 10, 1999.

## II. FINDINGS OF FACT

The board makes the following findings of fact:

(1) Petitioner, whose principal office is located at Suite 3710, One Oxford Centre, Pittsburgh, Pennsylvania, is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of an attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent was born in 1958 and was admitted to practice law in the Commonwealth of Pennsylvania in 1985. His current office address is [   ]. Respondent is subject to the disciplinary jurisdiction of the board.

(3) By order dated January 17, 1995, the board determined that respondent should receive a private reprimand. The board further ordered that he be placed on substance abuse probation for a period of two years, subject to appropriate terms and conditions related to respondent's alcohol abuse.

(4) Among other things, the board's order required respondent to submit quarterly reports detailing respondent's compliance with the probation terms. These conditions included abstaining from alcohol, attending weekly Alcoholics Anonymous meetings, meeting with his sobriety monitor at least twice per month, and maintaining weekly telephone contact with his monitor.

(5) Respondent filed his first four required reports late, and thereafter totally failed to file the reports. By letter

of November 19, 1996, respondent's sobriety monitor, [B], Esquire, informed the board that he had made attempts to help respondent, but for several months had been unable to make contact with respondent or to determine if respondent attended AA meetings pursuant to the terms of his probation.

(6) Petitioner filed a petition to revoke probation on December 16, 1996.

(7) After consideration of the parties' positions, by order of June 5, 1997, the board found respondent in violation of probation and ordered that respondent be placed on substance abuse probation for an additional period of one year.

(8) The probation conditions were substantially the same as those established pursuant to the board's original order of January 17, 1995, except that [A], Esquire, was appointed as respondent's sobriety monitor.

(9) Respondent's first quarterly report under the amended order, due October 5, 1997, was not filed until December 4, 1997. Respondent admitted in the report that he had not maintained weekly telephone contact with his monitor and had not met with him twice per month.

(10) Since that filing, respondent has had no contact with his sobriety monitor and has filed no quarterly reports with the board.

(11) On May 26, 1998, petitioner filed a petition to revoke probation.

(12) At the probation revocation hearing held on February 22, 1999, respondent stipulated that he had violated the terms and conditions of the board's order of June 5, 1997.

(13) Respondent testified to his efforts to acknowledge his alcohol abuse and to rehabilitate himself through his individual efforts.

(14) Respondent testified that he voluntarily went to [C] Treatment Center on May 22, 1996 and stayed as an inpatient until June 3, 1996. (N.T. 20, 21.)

(15) Thereafter, respondent received outpatient treatment for approximately three weeks. (N.T. 21.)

(16) From June 1996 until the end of 1996, respondent testified that he attended 150 Alcoholics Anonymous meetings. (N.T. 25.)

(17) Respondent testified that he has not used alcohol since May 1996.

(18) Respondent currently attends approximately three AA meetings per month. (N.T. 28.)

(19) Respondent understands that his sobriety monitors tried to help him, but testified that he needed to take care of his alcohol problem in his own way rather than to follow the terms and conditions of his probation. (N.T. 28, quarterly report filed December 4, 1997.)

(20) No disciplinary complaints have been filed against respondent during the period of his probation.

## III. CONCLUSIONS OF LAW

By his conduct as set forth above, respondent violated the terms and conditions of his substance abuse probation.

## IV. DISCUSSION

This matter is before the board upon a petition to revoke probation. At the revocation hearing respondent stipulated that he violated the terms and conditions of his substance abuse probation by failing to file timely quarterly reports and failing to meet with his sobriety monitor and attend AA meetings. The issue before the

board is the appropriate discipline to address this violation.

This is respondent's second instance of violating his substance abuse probation. In 1997, the board found that respondent violated his probation and imposed an additional probation period of one year, effective June 5, 1997. Respondent's original probation term was for two years. The acts constituting the first violation of probation were substantially similar to the instant acts. Respondent filed untimely reports and sometimes totally failed to file any reports. His sobriety monitor was not able to keep track of respondent and was not certain that respondent was abstaining from the use of alcohol.

Respondent agrees with all of the facts concerning his failure to comply with his probation terms. He explained that he believed the purpose of probation was to ensure that he did not use alcohol through the use of a support system. Respondent felt that he could deal with his problem in his own way rather than in the manner set out in his probation order. To this end, he voluntarily attended and completed an inpatient treatment program at [C] Treatment Center. He followed this with outpatient counseling. He attended AA meetings frequently in the latter part of 1996, and currently attends AA meetings several times per month. He apparently has abstained from alcohol since May 1996. Respondent testified that he has made significant progress in his rehabilitation. While respondent admits he did not strictly comply with the terms of his probation, he contends that his efforts at seeking treatment should be considered in his favor.

It is petitioner's position that the purpose of substance abuse probation not only is to achieve sobriety for re-

spondent, but also to monitor the sobriety of respondent. Respondent's failure to follow the reporting requirements has prevented the board from successfully monitoring respondent's sobriety. Petitioner emphasizes that respondent has twice violated the probation orders; therefore, petitioner contends that respondent should no longer have the benefit of private discipline.

After a careful review of the record and issue raised in this matter, the board believes that the appropriate discipline is to suspend respondent from the practice of law for one year and one day, with the suspension to be stayed in its entirety, and to place respondent on probation for an additional period of one year. Although the board is cognizant of respondent's inability to comply with probation in the past, respondent appears to recognize the seriousness of this failure. Respondent admits that he has a problem with alcohol, and he has attempted to address this problem by receiving treatment and counseling. He has maintained his sobriety since May 1996. He continues to attend AA meetings. He continues to practice law. No clients have complained of unethical behavior by respondent. Furthermore, respondent testified that he has drastically changed his habits and that his personal life is now very satisfying to him. The board believes that respondent will not be willing to disturb these positive aspects of his life by violating his probation and enmeshing himself once again in the disciplinary system.

Except insofar as it supports a last chance to avoid more serious discipline, the board rejects respondent's claim that he could only rehabilitate himself on his own terms; the board cannot permit respondent self-prescribed probation

terms and conditions. The orders imposing discipline on respondent in the form of probation were not voluntary. They were mandatory. Respondent was not entitled to ignore the orders and then claim that they were unnecessary. Strict compliance with the terms and conditions of probation, including the reporting requirements, is necessary to allow the board to effectively monitor respondent's continued adherence to sobriety. Probation often is a form of discipline that offers an alternative to more severe discipline. Respondent's testimony and conduct persuade the board that respondent be given a final chance to comply with his probation but to impose relatively severe discipline if respondent fails to comply. If respondent is not prepared to follow through in a detailed and conscientious manner, he will lose his license to practice law for one year and one day, after which time he will have to petition for reinstatement and prove that he is fit to practice law. Such a burden ultimately will be far heavier than adhering to the requirements of probation.

## V. RECOMMENDATION

The Disciplinary Board of the Supreme Court of Pennsylvania recommends that the respondent, [     ] be suspended for a period of one year and one day, that the suspension be stayed in its entirety and respondent be placed on probation for a period of one year on the same terms as his previous probation, with the time period to run from the date the order issuing such discipline is imposed on respondent.

It is further recommended that the expenses incurred in the investigation and prosecution of the revocation proceedings are to be paid by the respondent.

## ORDER

And now, August 25, 1999, upon consideration of the report and recommendations of the Disciplinary Board dated June 28, 1999, it is hereby ordered that [respondent] be and he is suspended from the bar of this Commonwealth for a period of one year and one day, that the suspension be stayed in its entirety and respondent be placed on probation for a period of one year subject to the following conditions:

(1) Respondent shall abstain from using alcohol or any other mind-altering chemical;

(2) Respondent shall regularly attend Alcoholics Anonymous meetings on a weekly basis;

(3) Respondent shall obtain a sponsor in Alcoholics Anonymous and maintain weekly contact with that sponsor;

(4) A sobriety monitor shall be appointed to monitor for respondent in accordance with Disciplinary Board Rule 89.293(c);

(5) Respondent shall furnish his sobriety monitor with his Alcoholics Anonymous sponsor's name, address and telephone number;

(6) Respondent shall establish his weekly attendance at Alcoholics Anonymous meetings by providing written verification on a board-approved form to his sobriety monitor;

(7) Respondent shall undergo any counseling, outpatient or inpatient treatment, prescribed by a physician or alcohol counselor;

(8) With the sobriety monitor, respondent shall:

(a) meet at least twice a month;

(b) maintain weekly telephone contact;

110

(c) provide the necessary properly executed written authorizations to verify his compliance with the required substance abuse treatment; and

(d) cooperate fully.

(9) The appointed sobriety monitor shall:

(a) monitor respondent's compliance with the terms and conditions of the order imposing probation;

(b) assist respondent in arranging any necessary professional or substance abuse treatment;

(c) meet with respondent at least twice a month, and maintain weekly telephone contact with respondent;

(d) maintain direct monthly contact with the Alcoholics Anonymous chapter attended by the respondent;

(e) file with the secretary of the board quarterly written reports; and

(f) immediately report to the secretary of the board any violations by the respondent of the terms and conditions of the probation.

It is further ordered that respondent shall pay costs to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.